# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CATHERINE SANDOVAL,

    Plaintiff,

v.

HARTFORD UNDERWRITERS INSURANCE COMPANY, et al.,

    Defendants.

2:10-CV-1799 JCM (PAL)

## ORDER

Presently before the court is defendant Hartford Underwriters Insurance Company's ("Hartford") motion to dismiss extra-contractual claims. (Doc. #4). Plaintiff Catherine Sandoval filed an opposition to the motion, and in the alternative, leave to amend her complaint. (Doc. #7). Defendant filed a reply in support of its motion. (Doc. #9).

Plaintiff was insured under a personal insurance policy. This policy provides underinsured motorist (UIM) coverage in the amount of $50,000 per person. Plaintiff claims to have incurred $33,397.39 in medical expenses. Defendant Hartford disputed the claim and proposed to settle for $7,500.00. In the complaint, plaintiff alleges (1) breach of contract, (2) violation of the Nevada Unfair Claims Practices Act, and (3) breach of the covenant of good faith and fair dealing. Plaintiff also seeks punitive damages.

In the present motion (doc. #4), defendant Hartford asserts that plaintiff's extra-contractual claims should be dismissed for failing to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

**James C. Mahan**
**U.S. District Judge**

**Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper when a complaint fails to state a claim upon which relief can be granted. In order for a plaintiff to survive a 12(b)(6) motion, he must "provide the grounds of his entitlement for relief [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007). Under rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and must be more than "an unadorned, the defendant-unlawfully-harmed-me accusation." *See* Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal,* 129 S.Ct 1937, 173 L.Ed.2d 868 (2009), quoting *Twombly* at 555. To survive a motion to dismiss, "factual allegations must be enough to raise the right to relief above the speculative level." *Id*.

"At the motion to dismiss stage the court is constrained by the allegations in the complaint and those matters of which the [c]ourt takes judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Furthermore, to comply with the Federal Rules of Civil Procedure, the pleading need only contain enough information to give the defendant fair notice of both the complaint's claims and the grounds for those claims. *Tellabs, Inc. V. Makor Issues & Rights, Ltds.,* 551 U.S. 319, 127 S. Ct. 2507 (2007). Finally, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the [p]laintiffs." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1999).

**Second Claim for Relief- Violation of Nevada Unfair Claims Practices Act**

The Nevada Unfair Claims Practices Act (N.R.S. 686A.310) deals with unfair practices in settling claims and liability, if any, of the insurer for damages. Plaintiff alleges that defendant "violated sections b, c, d, e, and n of N.R.S. 686A.310(1)," which deal with unreasonableness and failure to act promptly and equitably.

Defendant alleges that plaintiff fails to provide adequate factual allegations that support a cause of action under the Nevada Unfair Claims Practices Act, and that plaintiff merely labels the present contractual dispute as a bad faith violation under this Act. However, notice pleading does

not require a claimant to set out in detail the facts upon which he bases his claim. *Yamaguchi v. United States Dep't of the Air Force,* 109 F.3d 1475, 1480 (9th Cir. 1997).

In the complaint, plaintiff asserts that, in violation of N.R.S. 686A.310, defendant's offer was clearly insufficient, and that defendant acted unreasonably after plaintiff filed her claim, failed to act promptly, and gave no basis or explanation as to why her claims were denied. Further, plaintiff asserts that defendant was willing to offer only $7,500.00, and that this amount was "clearly insufficient and unreasonable given plaintiff's injuries and the undisputed coverage afforded [p]laintiff." (Doc. #7, pg. 6).

Thus, as the plaintiff is not required to set out facts in detail, she has sufficiently pled facts that may establish a violation of the act. Therefore, defendant's motion to dismiss extra contractual claims regarding the Nevada Unfair Claims Practices Act is denied.

**Third Claim for Relief- Breach of the Covenant of Good Faith and Fair Dealing**

To assert a claim for bad faith, a plaintiff must show: (1) an insurer's denial of (or refusal to pay) an insured's claim; (2) without any reasonable basis; and (3) the insurer's knowledge or reckless disregard of the lack of a reasonable basis for its claim denial. *Pioneer Chlor Alkali Co. V. Nat'l Union Fire Ins. Co.*, 863 F. Supp. 1237, 1247 (D. Nev. 1994). Bad faith is "the absence of a reasonable basis for denying benefits . . . and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *United States Fidelity & Guar. Co. v. Peterson*, 91 Nev. 617, 540 P.2d 1070 (1975).

Plaintiff, in her opposition (doc. #7), has attached exhibits which document the correspondence that took place between plaintiff's counsel and Hartford, contending that defendant was "fully informed regarding the nature and extent of [p]laintiff's injuries." Plaintiff further alleges that "[d]espite this knowledge and [p]laintiff's complete cooperation, [d]efendant refused to offer any amount other than the $7,500.00 offered by Ms. Pasco. This amount was clearly insufficient and unreasonable given [p]laintiff's injuries and the undisputed coverage afforded [p]laintiff. Additionally, this denial was done with the knowledge that there was no reasonable basis. Finally, [d]efendant cannot prove that any of the facts in this action, [when] coupled with the alleged causes

James C. Mahan
U.S. District Judge

- 3 -

1  of action, would not provide relief."

2  Therefore, plaintiff has offered evidence of defendant's bad faith in refusing to pay plaintiff's
3  insurance claim. Plaintiff has an undisputed insurance coverage amount of $50,000.00. Plaintiff also
4  provided documentation of medical expenses and treatment exceeding $30,000.00.

5  In *United Fire Ins. Co. v. McClelland*, 105 Nev. 504, 780 P. 2d 193 (1989), the Nevada
6  Supreme Court held that "a jury question on insurer's bad faith arises when relevant facts are in
7  dispute or when facts permit differing inferences as to the *reasonableness of the insurer's conduct*."
8  (emphasis added).

9  Plaintiff has provided sufficient allegations to support this claim for relief. Therefore, the
10 motion to dismiss plaintiff's extra contractual claims is denied.

11 **Plaintiff's Request Punitive Damages**

12 In Nevada, the award for punitive damages is governed by statute. *See* NRS 42.005. Punitive
13 damages are designed to punish and deter a defendant's culpable conduct and act as a means for the
14 community to express outrage and distaste for such conduct. *Countrywide Home Loans, Inc. V.*
15 *Thitchener*, 124 Nev. Adv. Op. No. 64, P.3d 243 (2008). For punitive damages to be awarded, the
16 conduct of the defendant must be oppressive, fraudulent, or malicious. NRS 42.005. Both malice and
17 oppression require a conscious disregard for a person's rights and "knowledge of the probable
18 harmful consequences of a wrongful act and a willful and deliberate failure to act to avoid those
19 consequences." *Countrywide,* 192 P.3d at 252.

20 Bad faith is not a prerequisite for punitive damages. Nevada law authorizes an award for
21 punitive damages "for the breach of an obligation not arising from contract, where . . . the defendant
22 has been guilty of oppression, fraud, or malice, express or implied." NRS 42.005(1).

23 As the plaintiff may be able to prove that the defendant acted with malice or oppression,
24 which would warrant awarding punitive damages, the court is not inclined to dismiss her request for
25 such relief.

26
27
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

**Leave to Amend**

Furthermore, plaintiff asks the court, in the alternative, to grant her leave to amend her complaint. However, as the court denied defendant's motion to dismiss and held that plaintiff adequately plead her claims for relief, the plaintiff's request for leave to amend is moot.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendant Hartford Underwriters Insurance Company's motion to dismiss plaintiff's extra-contractual claims (doc. #4) be, and the same is hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's request for leave to amend her complaint (doc. #7) be, and the same hereby is, DENIED as moot.

DATED February 9, 2011.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**